## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SHERMAN LYNELL THOMAS,**

    **Plaintiff,**

**vs.**                                                       **Case No. 4:09cv433-RH/WCS**

**PROGRESS ENERGY FLORIDA, INC.,**

    **Defendant.**

                                               /

## **REPORT AND RECOMMENDATION**[1]

Defendant's motion to dismiss Plaintiff's fourth amended complaint, doc. 18, is ready for review. Doc. 27. Plaintiff was directed to file a response to the motion in one document, by July 30, 2010, and the order noted that the prior piecemeal responses filed by Plaintiff would not be considered. Doc. 31, referring to docs. 29 and 30. Plaintiff filed his "opposition to Defendant's motion to dismiss" on July 7, 2010. Doc. 32. That response contains one paragraph of Plaintiff's response, and then has three attachments attached. *Id.* Six days later, Plaintiff filed another response in "opposition to Defendant's motion to dismiss with attachments to support." Doc. 33. Only that second response, doc. 33, will be considered as Plaintiff at least responds to argument

---

[1] The court should note that a report and recommendation has been entered today in a related case, case number 4:09cv1-SPM/WCS.

from Defendant's motion to dismiss and he has again provided the attachments he submitted in the earlier response.

**Procedural History**

This case was opened on April 21, 2009. Doc. 1. The original complaint, doc. 1, which initiated this litigation was filed based on a court order in another case filed by Plaintiff against his former employer, *Thomas v. Progress Energy,* 4:08cv574-RH/WCS. During the course of that litigation, Plaintiff submitted a complaint which was assumed to have been an amended complaint in that on-going case. However, it was ultimately deemed to have been intended as an initial complaint in a new and separate case. Pursuant to the November 9, 2009, order by District Judge Robert Hinkle, that lawsuit was dismissed with prejudice as untimely, and the Clerk directed to open a new case for Plaintiff. Doc. 34 of case 4:08cv574. That new case is this case.

**Fourth Amended Complaint and Background Facts**

Plaintiff's allegations in the fourth amended complaint, doc. 18, are that Defendant Progress Energy Florida, Inc., discriminated against Plaintiff on the basis of Plaintiff's race and color, and retaliated against him on June 9, 2004. Doc. 18, p. 3. Plaintiff states that he filed charges with the Florida Commission on Human Relations on August 2, 2006, and with the E.E.O.C. on September 4, 2007. *Id.* The complaint form directs a plaintiff to attach the E.E.O.C. charging document to the complaint, but Plaintiff provided a copy of the Intake Questionnaire instead. *Id.*, at 7-10.

Plaintiff's fourth amended complaint contains numerous dates and events which must be placed in sequence. The statement of facts section clarifies that on June 9,

2004, Plaintiff was suspended by the Defendant. *Id.*, at 4. Plaintiff alleged that he was suspended "for alleged safety violations and for filing EEO charges against the company." *Id.* In support of that assertion, Plaintiff references "company exhibit-16." *Id.* It is unclear from Plaintiff's allegations when Plaintiff returned to work, but Plaintiff alleges he was suspended again on January 13, 2005, for having blown a fuse, and then terminated on February 15, 2005, "for allegedly blowing the fuse." *Id.*, at 5 Plaintiff contends that ultimately, the Defendant colluded with the Union (International Brotherhood of Electrical Workers)[2] on December 5, 2006, and withdrew the scheduled arbitration when Plaintiff refused a settlement offer. *Id.*, at 5.

On the Intake Questionnaire, Plaintiff alleged discrimination by the Union and his former employer, the Defendant here. Doc. 18, p. 7. Plaintiff stated that on June 9, 2004, he received a four-month suspension after an anonymous letter was received concerning safety. *Id.* On January 13, 2005, Plaintiff was suspended again while an investigation reviewed the blown fuse. Plaintiff was then terminated on February 15, 2005. *Id.* Plaintiff acknowledged on the Questionnaire that he had previously filed a charge in the matter with the EEOC or another agency. *Id.*, at 10. Plaintiff stated that he filed a complaint with the Florida Commission on Human Relations (hereinafter FCHR) on August 2, 2006. *Id.* Plaintiff signed the Questionnaire on December 4, 2007. *Id.* The E.E.O.C. issued Plaintiff a notice of suit rights on January 20, 2009, when it closed the file and adopted the findings of the state agency. Doc. 18, p. 11.

**Motion to dismiss, doc. 27**

---

[2] Plaintiff's allegations against the Union are litigated in case 4:09cv01-SPM/WCS. The fuse must have been in the transformer noted in the facts of that case.

Defendant argues that Plaintiff's complaint is barred by the doctrine of *res judicata*. Doc. 27, p. 5. Defendant contends that Plaintiff failed to exhaust administrative remedies with the E.E.O.C. because he did not timely file a charge of discrimination within 180 days of the last discriminatory act. *Id.*, at 7. Further, Plaintiff did not file his charge with the FCHR within 365 days as required. *Id.*, at 7-9. Defendant also argues that filing duplicative administrative charges does not save Plaintiff's case or extend the deadlines. *Id.*, at 9-10.

Defendant attached to the motion to dismiss the FCHR's Determination on Plaintiffs claim (FCHR No. 200602100, EEOC No. 15DA200603739).[3] Doc. 27-1. That document shows that Plaintiff filed his complaint of employment discrimination on September 11, 2006. *Id.* It demonstrates that Plaintiff alleged being suspended on "June 9, 2004, and ultimately terminated on February 15, 2005 in retaliation for filing [another] complaint of discrimination against" his employer. *Id.* The Commission found that it lacked jurisdiction over Plaintiff's allegations because his complaint was filed more than 365 after the challenged actions. *Id.* Plaintiff's complaint was dismissed by the FCHR on May 22, 2007.[4]

**Standard of Review**

---

[3] Review of the Notice of Suit Rights which Plaintiff attached to his fourth amended complaint confirms that this is the same E.E.O.C. case as referenced by Plaintiff. *See* doc. 18, p. 11.

[4] It is irrelevant for purposes of this report and recommendation, but worth noting that Plaintiff contends he filed charges with both the FCHR and the E.E.O.C. Doc. 18, p. 3. Plaintiff states that he filed charges with the FCHR on August 2, 2006, but not with the E.E.O.C. until September 4, 2007. Of particular interest is that the FCHR had already dismissed it's case on May 22, 2007, four months before Plaintiff even filed the E.E.O.C. charges.

Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997), *citing* 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks, 116 F.3d at 1369, *quoting* Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *see also* Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 17 (1st Cir. 1998). Thus, the presence of the FCHR's Determination does not require conversion of this case into a motion for summary judgment.

**Analysis**

Under Title VII of the Civil Rights Act of 1964, a plaintiff is required to file a timely charge of discrimination with the E.E.O.C. before suing for employment discrimination in court. 42 U.S.C. § 2000e-5(b); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999).[5] By statute, a plaintiff has just "one hundred and eighty days after the alleged

---

[5] "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). It is a "condition precedent"

unlawful employment practice occurred and notice of the" unlawful practice. 42 U.S.C. § 2000e-5(e)(1). Where a plaintiff files a dual charge of discrimination with the FCHR, the plaintiff may file a complaint with the FCHR "within 365 days of the alleged violation, naming the employer . . . and describing the violation." FLA. STAT. § 760.11(1). Exhaustion of administrative remedies is required to pursue a federal case for employment discrimination. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).

Plaintiff did not timely exhaust these remedies. Plaintiff's termination occurred on February 15, 2005, but waited well over a year to file charges with the FCHR. Plaintiff also waited even longer to file charges with the EEOC. Plaintiff argues that his case was timely filed because it was within 90 days of receipt of the E.E.O.C.'s right to sue letter. Doc. 33, p. 1. That, however, is a separate issue. Not only must a complaint be timely filed in court according to the statutory deadline of 90 days, it must be timely filed in the administrative process as well. Plaintiff's complaint was not timely filed in that respect. Defendant's motion to dismiss should be granted on this basis alone.

To preclude further attempts at re-litigating this case, I find that dismissal is also appropriate on the basis of *res judicata*. *Res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991). For *res judicata* to operate as a bar to a subsequent suit "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with

---

to suit.

them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

Plaintiff previously filed case 4:08cv574-RH/WCS in this Court against Progress Energy, alleging employment discrimination and retaliation. His claims there included his termination in February of 2005. See doc. 10, case 4:08cv574. Thus, the causes of action are the same, and all of Plaintiff's claims "arise out of the same transaction or series of transactions." In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990). There was a final judgment entered in that case, and it was entered by this Court, a court of competent jurisdiction over employment discrimination actions. The parties are the same, and Plaintiff is not entitled to a second bite at the apple. Plaintiff could, and should, have litigated all claims which arise "out of the same nucleus of operative fact," in that prior case.

Defendant has accurately set forth how it came to be that this case was filed. It originated in a third amended complaint filed on April 21, 2009, in case 4:08cv574. Doc. 27, pp. 2-3. I explained to Plaintiff that he must bring all of his claims in one suit, doc, 9, p. 3, in that case, and told him that if the cases were the same, "Plaintiff should combine all facts into one complaint." Doc. 17, p. 2, in that case. Plaintiff himself elected to split his claims. Doc. 33, p. 2, in that case. The court ordered that this case be opened with that third amended complaint. Doc. 34, p. 3, in that case. Given this history, and Plaintiff's litigation history in this court, the equities are not with Plaintiff. The motion to dismiss should also be granted because this action is barred by *res judicata*.

**Costs and attorney's fees**

An award of attorney's fees and costs in favor of Defendant may be appropriate. Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). Further, if such a fee award is appropriate, the court should also consider whether to bar Plaintiff from proceeding *in forma pauperis* in future cases, and perhaps until he pays the costs of this suit, in light of his pro se litigation history in this court, including case numbers: 4:08cv574-RH/WCS; 4:94cv148-MP; 4:97cv339-RH; 4:07cv347-SPM/WCS; 4:07cv357-RH/WCS; 4:09cv116-SPM/WCS; 4:09cv1-SPM/WCS; and 4:92cv402-MP.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 27, be **GRANTED**, that Plaintiff's fourth amended complaint, doc. 18, be **DISMISSED** as barred by *res judicata* and because Plaintiff failed to timely exhaust administrative remedies, and that Plaintiff be **ORDERED** to **SHOW CAUSE** why judgment should not be entered against him for Defendant's costs and expenses,

including attorney's fees, and the case be **REMANDED** to consider the remaining issues identified above.

      **IN CHAMBERS** at Tallahassee, Florida, on October 20, 2010.

      s/ William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**